# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT BARNES, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SUPERINTENDENT, )<br>)<br>Respondent. ) | CAUSE NO. 3:16-cv-501-WCL-MGG |

## OPINION AND ORDER

Robert Barnes, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP 16-06-92) where the Disciplinary Hearing Officer (DHO) found him guilty of Conspiracy/Attempting/Aiding or Abetting in violation of Indiana Department of Correction (IDOC) policy A-111, and Use and/or Possession of Cellular Telephone or Other Wireless or Cellular Communications Device in violation of IDOC A-121. ECF 1 at 1. As a result, Barnes was sanctioned with the loss of 90 days earned credit time and was demoted from Credit Class One to Credit Class Two. *Id.*

Prior to his charge and guilty finding in the present case (ISP 16-06-92), Barnes had been charged and found guilty of a lesser offense based on the same evidence in a different Conduct Report (ISP 16-01-102). *Barnes v. Superintendent*, 3:16-cv-133, ECF 1-10. In this prior case, Barnes was found guilty of committing Security Threat Group/Unauthorized Organizational Activity in violation of IDOC B-208. *Id.* at ECF 1. This charge was brought after prison officials discovered a cell phone video in which Barnes was believed to be showing a gang sign. *Id.* Barnes filed a federal habeas corpus action alleging that the DHO had insufficient evidence on which to find him guilty. *Id.* Barnes was issued a second Conduct Report – the report he presently challenges

1

– based on the same facts identified in the ISP 16-01-102 report. ECF 1-1 at 11. The new Conduct Report charged Barnes with violations of IDOC A-111 and A-121. *Id.* The Superintendent subsequently vacated the ISP 16-01-102 guilty finding and expunged Barnes' record with respect to that charge. *Barnes*, 3:16-cv-133, ECF 5-1.

In his present petition, Barnes lists four grounds challenging the finding of guilt. In each ground, Barnes alleges violations of IDOC policy. However, the IDOC's failure to follow its own policy does not arise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Nevertheless, the court will analyze the claims to determine whether any of them might present a basis for federal habeas corpus relief.

In Ground One, Barnes argues that he did not receive adequate notice of his hearing. ECF 1 at 2. Barnes states that he received notice of the charges on the afternoon of June 10, 2016, a Friday, and received his hearing the morning of June 13, 2016, a Monday. *Id.* According to Barnes, he was entitled to 24-hours's notice – "weekends and legal holidays excluded" – of the hearing. *Id.* Barnes argues that he was unable to gather witness statements or evidence over the weekend, and was therefore denied due process. ECF 11 at 4. Respondent argues that the notice Barnes received did not violate IDOC policy. ECF 7 at 6. However, as stated above, IDOC's compliance with its own policies is not material in a federal habeas corpus action.

Nevertheless, Ground One fails. While prisoners have a due process right to 24-hour's notice of the factual basis of the charges against them prior to the hearing, *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974), there is no exception for weekends and legal holidays. Barnes was notified of the factual basis of the charges at least 24-hours prior to his hearing, satisfying his due

process right. Moreover, despite Barnes' claims that he did not receive notice adequate to gather evidence and witness statements, Barnes did not request to present such evidence. On the Notice of Disciplinary Hearing (Screening Report) Barnes received Friday afternoon, Barnes did not request to call any witnesses. ECF 11 at 13. The only physical evidence Barnes requested was a review of the "camera." *Id.* Therefore, relief based on Ground One is denied.

In Ground Two, Barnes argues that the charges and sanctions were improperly increased after his initial disciplinary action was expunged. ECF 1 at 2. Essentially, Barnes claims that his due process rights were violated when the prison charged him with a different offense based on the same facts in his expunged disciplinary charge. That is not the case. Double jeopardy principles do not apply in the prison disciplinary context. *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). Barnes also contends that he was denied a re-hearing on the initial charges in ISP 16-01-102. However, those charges were expunged, and a re-hearing was rendered unnecessary. Barnes admits that he was provided with a hearing for the new charges; thus, his due process right under *Wolff* was satisfied. Ground Two is, therefore, denied.

In Ground Three, Barnes argues that the new charges and higher sanctions imposed in this case were imposed in retaliation for filing the federal habeas corpus claim in *Barnes*, 3:16-cv-133. ECF 1 at 2. Barnes claims the charges in the present case amount to an arbitrary disciplinary finding. *Id.* Respondent argues that Barnes does not have a right to recovery based on a theory of retaliation. ECF 7 at 9. Respondent contends that Barnes was afforded all of the procedural protections afforded to him in *Wolff*, and is not entitled to habeas relief where the *Wolff* procedural protections have been satisfied. ECF 7 at 9.

The court agrees that Barnes is not entitled to relief based on Ground Three. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the

constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). While prisoners have a right to be free from arbitrary punishment, they are sufficiently protected from such action where the procedural safeguards in *Wolff* have been satisfied. *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999); *Guillen v. Finnan*, 219 F. App'x 579, 582 (7th Cir. 2007).

Here, Barnes' discipline was not arbitrary. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "[T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice…." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). IDOC A-121 prohibits "[u]nauthorized use or possession of any cellular telephone or other wireless or cellular communications device," and IDOC A-111 prohibits "[a]ttempting or conspiring or aiding and abetting with another to commit any Class A offense." Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Barnes was captured in a video recording that was discovered on a contraband cell phone. CITE. This was sufficient evidence to support the DHO's finding of guilt.

In Ground Four, Barnes argues that the DHO's denial of his request to personally review "video evidence" denied him of due process. ECF 1 at 3. It is unclear to which video evidence Barnes refers. In his petition Barnes claims that he was not permitted to see the cell phone video relied on in his earlier conduct report. ECF 1 at 3. However, in his traverse, Barnes argues that he was denied due process because he was not permitted to review the video recording of his June 7,

4

2016 interview with internal affairs. During this interview, Barnes was permitted to watch the cell phone video.

Barnes is not entitled to relief based on Ground Four. Prisoners are not necessarily entitled to review all information relied upon by the factfinder. "[P]rison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . ." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Barnes does not argue that the video recording is exculpatory and does not argue that the evidence was not considered by the DHO. Barnes merely argues that he should have been able to see the view. Barnes did review the cell phone video. Furthermore, Barnes was present during the internal affairs interview, and was already aware of what occurred during that interview. Barnes' due process rights to present evidence were satisfied. *See* Wolff, 418 U.S. at 566. Therefore, Ground Four is denied.

For these reasons, the habeas corpus petition is **DENIED**. The Clerk is **DIRECTED** to close this case.

SO ORDERED.

ENTERED: April 17, 2017

                                                      s/William C. Lee
                                                      William C. Lee, Judge
                                                      United States District Court